Compiler of Law

# IN THE SUPERIOR COURT
# OF GUAM

PEOPLE OF GUAM,                    )     Criminal Case no. CF0134-09
                                   )
                    Plaintiffs,    )     **DECISION AND ORDER**
                                   )     re: motion to acquit
v.                                 )
                                   )
FRANK LUJAN,                       )
                                   )
                    Defendant.     )
_____    )

This matter came before the Honorable Arthur R. Barcinas on June 2, 2009. Plaintiffs were represented by Assistant Attorney General Jonathan R. Quan. Defendant was represented by Attorney Thomas J. Fisher. The court now issues the following decision and order granting Defendant's motion to acquit.

## BACKGROUND

On March 12, 2009 Defendant was indicted for Theft, as a 2nd Degree Felony and Official Misconduct, as a Misdemeanor.

## DISCUSSION

On June 1, 2009, the Defendant filed a Motion to Acquit (Charge 1). In his motion Defendant argued that the Government had failed to prove that the fair market value of the property at the time of the theft exceeded $1,500.00. *Mot.* at 3. In support of his argument Defendant asserts that no evidence was introduced about fair market value of the necklace, or the phone, at the time of the theft. *Id.*

The Government in opposition responds that there was testimony that the cell phone was purchased for $189.00, the necklace was valued by the Defendant at $200.00, and that there was testimony that in addition to the $1,200.00, the Defendant had additional monies on his person. *Opp.* at 3. It asserts that the fair market value of the items as well as the amount of monies Defendant had on his person at the time of the alleged theft is a question of fact that should be

determined by the jury. *Id.*

In February of this year the Guam Supreme Court reiterated that when considering motion for acquittal the court is to review the evidence in the light most favorable to the prosecution to ascertain whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *People v. Jesus*, 2009 Guam 2, ¶19 (Sup. Ct. Guam 2009). Even when reviewing the evidence presented at trial under this favorable standard the court is unable to find that the Government presented any credible evidence that the property of Joseph V. Rojas which was alleged to have been taken was worth more that $1,500.00. The testimony of the owner of property is only relevant if it goes to the issue of objective market value. *People v. Camacho*, Criminal Case No. 89-00125 1990 WL 320363, *1 (D. Guam App. Div. 1990). In 1986 the 5th Circuit explained,

> market value" by definition can be no more than an opinion based on one's knowledge of various offers and acceptances for a comparable good. Rather, "subjective" testimony *1341 designates testimony that addresses the idiosyncratic value attached to particular property by its owner or "prizer." For example, an old, cracked mirror that is a family heirloom may be subjectively priceless to the owner, but may have little objective value on the market.

United States v. Laughlin, 804 F.2d 1336, 1341 (5th Cir.1986).

Although the government argues that the fair market value at the time of the theft become a question of fact when there is testimony about the purchase price of a cell phone that is one year old, it does not support this argument with any legal authority. The testimony which was elicited about the gold necklace did not establish the fair market value of the necklace but the value personally ascribed to it by Mr. Rojas. *Camacho* at *1. Finally the testimony about how much more money was contained in the "wad" of cash is far too speculative. There was not testimony about how much excess cash there might of been or any foundation upon which to support any such testimony. However the court does find that there was sufficient evidence

presented to the jury for it to find beyond a reasonable doubt that the property of Mr. Rojas which was alleged to have been taken was worth at least $1,200.00.

## CONCLUSION

For the reasons outlined above the Defendant's Motion to Acquit is granted. The Government shall be allowed to proceed on the lesser included offense in its First Charge of Theft a 3rd Degree Felony.

JUN 0 4 2009

SO ORDERED this June _____, 2009.

The Honorable Aurthur R. Barcinas
Judge of the Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.



JUN 0 4 2009

Florene Rivera
Deputy Clerk Superior Court of Guam